## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES M. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff, United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action under 31 U.S.C. § 5321(a)(5) to collect penalties assessed against Defendant James M. Smith for his non-willful failure to report his interests in foreign financial accounts from 2007 through 2012. In support, the United States alleges as follows:

### INTRODUCTION

1.     The Bank Secrecy Act, enacted by Congress in 1970, "simply requires those who possess foreign accounts with an aggregate balance of more than $10,000" to file a Report of Foreign Bank and Financial Accounts ("FBAR"). *Bittner v. United States*, 598 U.S. 85, 89 (2023); *see also* 31 U.S.C. § 5314(a); 31 C.F.R. § 1010.306.

2.      The reporting requirement was necessary to assist the government in the important goals of tracing funds used for illicit purposes and identifying unreported income subject to taxation. *Bittner*, 598 U.S. at 89–90. The "debilitating effects of the use of [] secret" overseas bank accounts had been estimated to cost the U.S. fisc "hundreds of millions in tax revenues" lost. H.R. Rep. No. 91-975, at 4397 (1970). As Congress explained, "governmental investigations into funds hidden abroad are often delayed or totally frustrated, in part due to the time consuming and ofttimes fruitless nature of foreign legal process." *United States v. Toth*, 33 F.4th 1, 18 (1st Cir. 2022) (citing H.R. Rep. No. 91-975, at 4397 (1970)) (cleaned up).

3.      31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the United States government for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

4.      To enforce reporting, Congress authorized the Secretary of the Treasury to impose "a civil money penalty on any person who fails to report a foreign account." *United States v. Collins*, 36 F.4th 487, 490 (3d Cir. 2022) (citing 31 U.S.C. § 5321(a)(5)(A)). For non-willful violations of the reporting requirement, a penalty

of up to $10,000 may be imposed for each violation.  31 U.S.C. § 5321; *see also Bittner*, 598 U.S. at 103–04 (explaining the penalty is calculated on a per-report basis as opposed to a per-account basis).

5.     Though not a tax statute, the Secretary of Treasury is responsible for enforcing the FBAR requirements and has delegated its responsibilities of enforcing reporting requirements, investigating violations, and assessing and collecting penalties to the Internal Revenue Service ("IRS"). 31 U.S.C. § 5321 (falling under the Money and Finance Code and not the Internal Revenue Code); 31 C.F.R. § 1010.810(g); *see also Collins*, 36 F.4th at 490.

6.     For the 2007 through 2012 years, an FBAR for each calendar year was due no later than June 30 of the following calendar year.  31 C.F.R. § 1010.306(c).

7.     In keeping with Congress's statutory mandate, the United States seeks to hold the Defendant accountable for his failure to report foreign bank accounts in which he had a financial interest in, and signature authority over, under 31 U.S.C. § 5314 and for his failure to pay civil penalties assessed under 31 U.S.C. § 5321.

## PARTIES

8.     Plaintiff is the United States of America ("United States").

9.     Defendant James M. Smith ("Smith") resides at 812 N. 2nd Street, Harrisburg, PA 17102.

3

## JURISDICTION & VENUE

10.    Jurisdiction over this action is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1345 and 1355.

11.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1395.

## FACTS

12.    Smith is a United States citizen.

13.    From 2007 to 2012, Smith had a financial interest in, and signatory authority over, the following accounts: (a) Citibank accounts ending in X546, X146, X111, X104, 4090, X074; (b) National Bank of Fujairah accounts ending in 0038, 1858, 5220, 2938; and (c) Emirates National Bank of Dubai accounts ending in 7761, 6843, 7732, 8030, 7501, 7502, 7504, 7503.

14.    From 2007 to 2012, the total aggregate balance of the foreign bank accounts listed in Paragraph 13, above, exceeded $10,000.

15.    Smith failed to comply with the reporting requirements of 31 U.S.C. § 5314 and the implementing regulations promulgated thereunder for 2007, 2008, 2009, 2010, 2011, and 2012.

16.    Smith did not file an FBAR for the 2009 year by June 30, 2010, thus making it untimely.

17.    For the 2007, 2008, 2010, 2011, and 2012 years, Smith filed an FBAR for each year by June 30 of the following calendar year, but the FBAR he timely submitted for each such year was inaccurate or incomplete.

18.    For each of the 2007 through 2012 years, the FBAR submitted in the first instance for each year failed to completely identify the bank accounts in which Smith had a financial interest in, and signature authority over.

19.    Smith entered the IRS' Offshore Voluntary Disclosure Initiative ("OVDI") program on August 27, 2014. He opted out of OVDI on March 25, 2019.

## COUNT I:
## REDUCE FBAR PENALTY ASSESSMENTS TO JUDGMENT

20.    The United States incorporates by reference the allegations set forth in Paragraphs 1 through 19.

21.    On August 30, 2023, a delegate of the Secretary of Treasury assessed against Smith for each of the 2007 through 2012 years a civil penalty under 31 U.S.C. § 5321 in the amount of $10,000 per year, for a total assessment of $60,000, not including statutory additions or interest accruing after the date of assessment. The table below demonstrates the FBAR penalties assessed per year for Smith's failure to properly report his bank accounts on his FBARs for 2007 through 2012.

| Year | Foreign Bank | Account | FBAR Penalty |
|------|--------------|---------|--------------|
| 2007 | Citibank | X546 | $10,000 |
|      |          | X146 |  |
|      |          | X111 |  |
|      |          | X104 |  |
|      | National Bank of Fujairah | 0038 |  |
|      |          | 1858 |  |
|      |          | 5220 |  |
| 2008 | Citibank | X546 | $10,000 |
|      |          | X146 |  |
|      |          | X111 |  |
|      |          | 4090 |  |
|      |          | X104 |  |
|      | Emirates National Bank of Dubai | 7761 |  |
|      |          | 6843 |  |
|      |          | 7732 |  |
|      |          | 8030 |  |
|      | National Bank of Fujairah | 2938 |  |
|      |          | 0038 |  |
| 2009 | Citibank | X546 | $10,000 |
|      |          | X146 |  |
|      |          | X111 |  |
|      |          | X074 |  |
|      |          | 4090 |  |
|      |          | X104 |  |
|      | Emirates National Bank of Dubai | 7501 |  |
|      |          | 7502 |  |
|      |          | 7504 |  |
|      |          | 7503 |  |
|      | National Bank of Fujairah | 2938 |  |
| 2010 | Citibank | X546 | $10,000 |
|      |          | X146 |  |
|      |          | X111 |  |
|      |          | 4090 |  |
|      |          | X104 |  |
|      | Emirates National Bank of Dubai | 7501 |  |
|      |          | 7504 |  |
|      |          | 7503 |  |
|      | National Bank of Fujairah | 0038 |  |

| Year | Foreign Bank | | Account | FBAR Penalty |
|------|--------------|--|---------|--------------|
| 2011 | Citibank | | X546 | $10,000 |
| | | | X146 | |
| | | | X104 | |
| | Emirates National Bank of Dubai | | 7504 | |
| | | | 7503 | |
| 2012 | Citibank | | X546 | $10,000 |
| | | | X146 | |
| | | | X104 | |
| | Emirates National Bank of Dubai | | 7504 | |
| | | | 7503 | |
| **Total FBAR Penalties Assessed** | | | | **$60,000** |

22.    A delegate of the Secretary of Treasury sent notice of the assessments to Smith and demanded payment of the assessments.

23.    Despite notice and demand, Smith has failed to pay the penalties described in Paragraph 21 above.

24.    Interest and late-payment penalties have accrued, and will continue to accrue, on the penalties described in Paragraph 21, above, pursuant to 31 U.S.C. § 3717 until they are paid in full.

25.    As of August 14, 2025, Smith is indebted to the United States with respect to the penalties described in Paragraph 21, above, in the amount of **$69,853.14**, plus statutory additions and interest that will continue to accrue thereafter as provided by law.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court:

A.     Enter judgment in favor of the United States and against Defendant Smith for his civil penalty liabilities as set forth in Paragraph 21, above, in the amount of **$69,853.14** as of August 14, 2025, plus statutory additions and interest that will continue to accrue thereafter as provided by law;

B.     Award to the United States its costs of prosecuting this action; and

C.     Grant such other and further relief as the Court deems just and equitable.

Date: August 25, 2025                    Respectfully submitted,

*/s/ Elizabeth W. Pruitt*
ELIZABETH W. PRUITT (DC # 90034388)
ADAM S. DOMITZ (NY # 6213896)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 598-7806
Tel: (202) 307-2007
Fax: (202) 514-6866
Elizabeth.Pruitt@usdoj.gov
Adam.S.Domitz@usdoj.gov
*Counsel for the United States of America*